CARROLL, Judge
(concurring specially).
I concur in the opinion and judgment in this case, but recognize the importance and need for an ordinance of this kind in a metropolitan area.
I agree that the provision in question of the Miami ordinance is too broad. It fails to meet the standard for such ordinances, as set out in City of St. Petersburg v. Calbeck, Fla.App.1959, 114 So.2d 316, and does not accord due process.
In the Calbeck case the court said the ordinance involved there was an abbreviated form of the Hollywood ordinance shown in the Capehart case, which the Supreme Court previously had held valid. In the Hollywood disorderly conduct ordinance, shown in the latter case (State ex rel. Green v. Capehart, 138 Fla. 492, 189 So. 708) the acts it listed included “all persons, found loitering about' any hotel, block, barroom, dram-shop, gambling house or disorderly house, or wandering about the-streets either by night or by day without any known lawful means of support, or without, being able to give a satisfactory-account of themselves”' (Emphasis added.) . . .
*15 Certain distinctions between the Hollywood ordinance and the Miami ordinance should be noted. As to places other than on the streets, the former applies to persons “loitering” in designated public places. The latter, the Miami ordinance, is not so limited, but covers all persons (not restricted to those loitering or wandering) and not limited to named public places but everywhere throughout the city. The former is not made to apply to all persons on the streets, but to those “wandering” there. The latter applies to all persons standing or strolling, as well as those loitering, and not just on the streets, but “any place in the city.” Those distinctions would appear material.
TILLMAN PEARSON, J., concurs in the above opinion.